UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEQUARIUS DESUNE WALKER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-751-JD-MGG |
| W. HYATTE, et al., | |
| Defendants. | |

OPINION AND ORDER

Dequarius Desune Walker, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Walker alleges that, on April 5, 2021, he was moved from the segregated housing unit to room 125 in A-House where he was housed with an inmate who was on suicide watch. ECF 1 at 2. He states that after he arrived in room 125, he and the inmate began to fight. *Id*. Prison officers then deployed OC spray and they were handcuffed. *Id*. at 2-3. Following the altercation, Walker told prison officers that if he and the inmate were going to be housed together in room 125, there would be more

problems. *Id*. at 3. After prison officers returned Walker to room 125, the inmate was able to assault Walker by slipping one of his hands out of his handcuff and using the handcuff on his other hand as a weapon to hit Walker, all while Walker was handcuffed behind his back. *Id*. The altercation lasted for several minutes until prison officers deployed OC spray and were able to separate the two from each other. *Id*.

Walker asserts that his constitutional rights were violated because he was placed in an unsafe and hazardous environment. ECF 1 at 3. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010).

In this case, Walker has sued Warden William Hyatte and Unit Team Manager Nick Angel. He asserts they are responsible for the constitutional violations because Hyatte approves inmate movement in the restricted housing unit, and he gave Angle control over inmate bed assignments. ECF 1 at 2. A lawsuit against an individual under § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003); *Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.").

2

Here, Walker has not alleged that Hyatte or Angle were personally involved in the alleged constitutional violations. They cannot be held liable simply because they oversee the operation of the prison or supervise prison staff.

While Walker's complaint does not state a claim, the court will give him an opportunity to replead, if after reviewing this order, he believes he can state a claim. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). When he prepares his amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Dequarius Desune Walker;

(2) GRANTS Dequarius Desune Walker until **March 7, 2022**, to file an amended complaint on that form; and

(3) CAUTIONS Dequarius Desune Walker that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on February 1, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT