UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEQUARIUS DESUNE WALKER,

    Plaintiff,

    v.       CAUSE NO. 3:21-CV-751-JD-MGG

W. HYATTE, et al.,

    Defendants.

## OPINION AND ORDER

Dequarius Desune Walker, a prisoner without a lawyer, filed an amended complaint. (ECF 12.) The court screened his original complaint and determined that it did not state a plausible claim against any defendant. (ECF 8.) The court afforded him an opportunity to submit an amended complaint, and he responded with the present filing.

Under 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Walker is

proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Walker is incarcerated at Miami Correctional Facility. He alleges that on April 5, 2021, he was moved from general population to the segregation unit to serve a lengthy term of segregation due to a disciplinary infraction. He was taken to cell 125, and when he arrived he told the officers who were escorting him—Officer M. Kennedy, Officer K. Kirby, Officer J. Anderson, and Sergeant T. Beane—that he was "not allowed to be around any offender while sentenced to segregation time." The officers allegedly ignored him and forced him to go into the cell, which was already occupied by another inmate, Leonard Thomas, who was on suicide watch. The two inmates immediately began to fight. Sergeant Beane sprayed them with pepper spray, and they were then handcuffed and given decontamination showers.

When they were done showering, the officers began to put them back in the same cell. Mr. Walker claims he told them that there would be "further issues" if he and inmate Thomas were placed in the cell together. The officers allegedly ignored him and put both inmates back in the cell. They started to remove inmate Thomas's restraints, and as soon as they did, he began striking Mr. Walker with the restraints. The inmates were then permanently separated. Based on these events, he sues the four officers for violating his Eighth Amendment rights.[1]

---

[1] Mr. Walker did not list Sergeant Beane in the section where he is asked to identify the defendants, but he clearly indicates that he is suing four defendants and includes specific allegations about Sergeant Beane violating his rights along with the other three officers. The court must liberally construe the complaint, and will presume the failure to list Sergeant Beane was merely a scriveners' error.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). This is a high standard. The plaintiff must show that the defendant "acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger." *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008).

Additionally, "negligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Nor does making a "mistake" or exercising "poor judgment" satisfy the deliberate indifference standard. *Giles v. Tobeck*, 895 F.3d 510, 514 (7th Cir. 2018). Thus, the plaintiff must allege acts or omissions by the defendant that "cross the line from negligently enabling the attack to recklessly condoning it." *Id.*

Mr. Walker claims that when he was first placed in the cell, he told the officers that he was "not allowed to be around any offender while sentenced to segregation time." (ECF 12 at 2.) This statement did not expressly put them on notice that Mr. Walker would be in physical danger if he was placed in the cell with inmate Thomas. For all the statement reveals, it was Mr. Walker who posed a danger to other inmates; indeed, he acknowledges that he had been "deemed a threat to the safety and security of the facility" based on the disciplinary infraction that landed him in segregation. In *Klebanowski*, the plaintiff "testified during his deposition that he told officers twice . . . that he was afraid for his life and he wanted to be transferred off the tier." 540 F.3d at 639. The Circuit found that "[t]his lack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference." *Id.* at 640. So, too, Mr. Walker's statement about not being "around any offender" while serving time in segregation was not specific enough about a danger posed by inmate Thomas to trigger Eighth Amendment liability. It may have been poor judgment to put him in the cell, but this does not amount to an Eighth Amendment violation. *Giles*, 895 F.3d at 514.

Nevertheless, Mr. Walker further alleges that the two inmates did in fact get into a fight, which was witnessed by the officers and resulted in them having to use pepper spray to separate the inmates. Mr. Walker than expressly warned them that there would be problems if the two were put back in the same cell. Although his statement was not specific about a risk of physical harm, it can be reasonably understood as conveying a risk of danger given that the two inmates had been physically fighting only a short time earlier. The officers did not listen to him, however, and did nothing to protect him or

4

alleviate the danger. Minutes later, inmate Thomas attacked Mr. Walker with his restraints, causing him pain and injury. He has alleged enough to proceed on an Eighth Amendment claim against the officers.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer M. Kennedy, Officer K. Kirby, Officer J. Anderson, and Sergeant T. Beane in their personal capacity for monetary damages under the Eighth Amendment for failing to protect him from being attacked by inmate Leonard Thomas on April 5, 2021, after the two inmates were seen fighting and the plaintiff warned the officers that they should not be put back in a cell together;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer M. Kennedy, Officer K. Kirby, Officer J. Anderson, and Sergeant T. Beane at Indiana Department of Correction and to send them a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(5) ORDERS Officer M. Kennedy, Officer K. Kirby, Officer J. Anderson, and Sergeant T. Beane to respond, as provided for in the Federal Rules of Civil Procedure

and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

    SO ORDERED on September 12, 2022

                                      /s/JON E. DEGUILIO
                                      CHIEF JUDGE
                                      UNITED STATES DISTRICT COURT