UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEQUARIUS DESUNE WALKER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-751-JD-JPK |
| M. KENNEDY, et al., | |
| Defendants. | |

OPINION AND ORDER

Dequarius Desune Walker, a prisoner without a lawyer, is proceeding in this case "against Officer M. Kennedy, Officer K. Kirby, Officer J. Anderson, and Sergeant T. Beane in their personal capacity for monetary damages under the Eighth Amendment for failing to protect him from being attacked by inmate Leonard Thomas on April 5, 2021, after the two inmates were seen fighting and the plaintiff warned the officers that they should not be put back in a cell together[.]" ECF 13 at 5. On December 28, 2022, the defendants filed a motion for summary judgment, arguing Walker did not exhaust his administrative remedies before filing this lawsuit. ECF 20. With the motion, the defendants provided Walker the notice required by N.D. Ind. L.R. 56-1(f). ECF 23. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response

brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over five months ago, but Walker has not responded. Therefore the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added).

Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The defendants provide Walker's grievance records and an affidavit from the prison's Grievance Specialist, which show the following facts:[1] On July 28, 2021, Walker submitted a grievance alleging the defendants had failed to protect him on April 5, 2021. ECF 20-1 at 6; ECF 20-4 at 2. On August 13, 2021, the grievance office rejected Walker's July 28 grievance as untimely because he submitted it more than ten business days after the April 5 incident. ECF 20-1 at 6; ECF 20-4 at 1; ECF 20-2 at 9 ("An offender wishing to submit a grievance shall submit a completed State Form 45471, 'Offender Grievance,' no later than ten (10) business days from the date of the incident giving rise to the complaint"). The Offender Grievance Process permitted Walker to revise and resubmit his rejected July 28 grievance within five business days, but he did not do so. ECF 20-1 at 3, 6; ECF 20-2 at 10 ("It shall be the responsibility of the offender to make the necessary revisions to the grievance form and to return the revised form to the

---

[1] Because Walker has not responded to the defendants' summary judgment motion, the court accepts these facts as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

Offender Grievance Specialist within five (5) business days from the date that it is returned to the offender.").

Here, the defendants have provided undisputed evidence the grievance office never received any timely grievance from Walker related to the April 5 incident. Walker provides no evidence he submitted any timely grievance, or that he complied with the Offender Grievance Process' requirements to request a time limit extension. *See* ECF 20-2 at 14 ("If there are extenuating circumstances which caused the offender a delay in submitting the grievance form within the time frames, the offender must document and submit the reason for the delay on a separate piece of paper with signature and date, and include with the appropriate appeal form or make a request for the specific form to the Offender Grievance Specialist for review"). Accordingly, the defendants have met their burden to show Walker did not exhaust his available administrative remedies prior to filing this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 20); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Dequarius Desune Walker and to close this case.

SO ORDERED on July 7, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT